Filed 2/9/23  P. v. Davis-Murray CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BLAKE DAVIS-MURRAY,<br><br>    Defendant and Appellant. | A164865<br><br>(Contra Costa County<br> Super. Ct. Nos. 02-334654-1,<br> 01-196480-8, 01-196346-1) |

Defendant Blake Davis-Murray appeals from orders finding him not competent to stand trial and committing him to the Department of State Hospitals pursuant to Penal Code section 1370 et seq.

Finding no arguable issues on appeal, defendant's appointed counsel filed a brief setting forth the applicable facts and law pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and informed defendant that he could file a supplemental brief.

We have considered defendant's supplemental filings and reviewed the record, and we affirm.

# BACKGROUND

*The Three Underlying Criminal Cases*

Case No. 02-334654-1

On May 26, 2021, a five-count complaint was filed against defendant. He was charged with possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1); count 1), carrying a loaded firearm with a prior conviction (§ 25850, subd. (a); count 2), having a concealed firearm on his person (§ 25400, subd. (a)(2); count 3); possession of ammunition (§ 30305, subd. (a)(1); count 4), and felony vandalism with over $400 damage (§ 594, subd. (a); count 5) related to alleged damage to a patrol car. It was alleged all the offenses occurred on May 24, 2021.

On June 29, 2021, the parties reached a negotiated disposition under which defendant entered a plea of no contest to count 1 and misdemeanor vandalism (designated count 6) in exchange for two years' felony probation and dismissal of the remaining charges. The trial court (Hon. Charles B. Burch) accepted defendant's plea and ordered formal probation.

Case No. 01-196480-8

On July 12, 2021, a six-count complaint was filed against defendant relating to an incident involving his relative that was alleged to have occurred on July 8, 2021. He was charged with second degree robbery (§ 211; count 1), first degree burglary (§ 459; count 2), false imprisonment by violence (§§ 236, 237; count 3), felony assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 4), felony dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 5), and evading an officer (Veh. Code, § 2800.1, subd. (a)). It was further alleged that defendant violated probation in case no. 02-334654-1.

---

[1] Undesignated statutory references are to the Penal Code.

The next day, the trial court (Hon. Jon R. Rolefson) granted defendant's *Faretta* motion.[2]

At the preliminary hearing on July 23, 2021, the trial court (Hon. Leslie Landau) declared a doubt as to defendant's competence and suspended criminal proceedings.

Case No. 01-196346-1

On July 29, 2021, defendant was charged with a single count of misdemeanor vandalism with over $400 damage (§ 594, subd (a)) related to allegations that defendant defaced a cell door on June 7, 2021, while he was in county jail. It was further alleged that defendant was in violation of probation (although the case listed, case No. 05-190724-5, is not one of the criminal cases in this appeal).

*First Competency Determination*

At a hearing on August 4, 2021, the trial court (Hon. Laurel S. Brady) appointed two psychologists to evaluate defendant pursuant to section 1368 in respect to all three criminal cases. At a hearing on September 22, 2021, the court stated there was a disagreement between the two psychologists and appointed another psychologist to evaluate defendant. The court asked defendant whether he would consider having an attorney appointed to represent him, and he declined. However, at a hearing on October 20, 2021, an attorney from the Public Defender's Office appeared on defendant's behalf. The minutes indicate "pro per revoked."

---

[2] "With a *Faretta* motion, the defendant is seeking permission to proceed without any lawyer at all. *Faretta* held that when a competent, literate defendant makes a timely, knowing, voluntary, and unequivocal [request to represent himself and] waiver of the right to counsel, then the trial court must permit him to proceed without assistance of counsel." (*People v. Percelle* (2005) 126 Cal.App.4th 164, 174, citing *Faretta v. California* (1975) 422 U.S. 806, 835–836.)

3

On November 15, 2021, the trial court held a hearing on whether defendant was competent to stand trial. The prosecutor stated that Dr. Johnson, in a report dated September 12, 2021, found defendant not competent, that Dr. Griffith, in a report dated September 15, 2021, found him not competent, and that Dr. Siggins, in an undated report from October 2021, found him competent.[3]

Defendant testified on his behalf and was the only witness. He answered defense counsel's questions about the charges against him and who might be witnesses. He knew that a jury would decide whether he was guilty, the maximum punishment he faced was eight years, and the judge would decide his punishment if the jury found him guilty. Defendant testified he did not believe he had a mental disorder.

Following his testimony, defense counsel argued that defendant's mental health had improved, stating that jail mental health staff reported a "notable transformation" in defendant from September (when staff documented "many specific delusions and specific concerns . . . related to his mental illness") to October (when defendant "was doing well in the jail environment"). The prosecutor agreed that defendant's testimony showed "he does not appear to be suffering from the issues that were initially brought to the Court's attention back in September at the time of the . . . two reports" from Dr. Johnson and Dr. Griffith. Judge Brady agreed with the attorneys

_____

[3] The prosecutor stated that Dr. Griffith's report had a typographical error. The report stated defendant was competent, but it was contradictory; the prosecutor contacted Dr. Griffith, who clarified that he concluded defendant was *not* competent. Dr. Siggins's report was also inconsistent. Dr. Siggins wrote that defendant was not competent, but he clarified that he meant defendant *was* competent.

and found defendant competent to stand trial. Criminal proceedings were reinstated.

Defendant stated he wanted to represent himself in the criminal matters.

*Second Competency Determination*

At a hearing on December 13, 2021, the trial court (Hon. Mary Ann O'Malley) declared a doubt as to defendant's competence and suspended criminal proceedings. (There is no reporter's transcript in the record for this hearing.)

At a hearing two days later, the trial court (Hon. Laurel Brady) revoked defendant's pro per status, appointed defendant counsel from the Public Defender's Office, and appointed two psychologists to evaluate defendant pursuant to section 1368 in respect to all three criminal cases.[4] Defendant's mother appeared and addressed the court. She told the court defendant's family had a history of mental illness with relatives placed in mental institutions. She said defendant suffered from mental illness that was "not easily detectible" because he was "articulate and intelligent." Defendant's appointed counsel noted that defendant "vehemently objects to having his pro per status ended and to the appointment of counsel."

At a hearing on February 2, 2022, to determine whether defendant was competent to stand trial, counsel stipulated the matter could be decided on the psychologists' reports; Dr. Griffith's report was dated January 31, 2022, and Dr. Smith's report was dated February 1, 2022. The trial court also received and considered a three-and-a-half-page handwritten document from

---

[4] The trial court reappointed Dr. Griffith because he was "somewhat familiar" with defendant already. Dr. Johnson was not available, and the court appointed Dr. Smith.

defendant. Based on the reports, Judge Brady court found defendant was not presently competent to stand trial, adding "the letter brief that was submitted by the defendant adds weight to that." The court referred defendant to CONREP (Conditional Release Program) pursuant to section 1370, subdivision (a)(2)(A).

*Commitment to the Department of State Hospitals*

At a hearing on February 16, 2022, the prosecutor reported that CONREP's placement evaluation for defendant dated February 9, 2022, recommended commitment to the Department of State Hospitals. Defense counsel stated, "[Defendant] wholeheartedly objects to this recommendation and objects to the Court's earlier finding that he is not competent." The trial court (Hon. Laurel Brady) ordered defendant committed to the Department of State Hospitals for a maximum of two years. Defendant did not consent to administration of antipsychotic medication.

The court scheduled a nine-month review for November 16, 2022.

On March 3, 2022, defendant filed a notice of appeal of the finding of incompetence and commitment to the Department of State Hospitals.

## DISCUSSION

In *Ben C.*, our Supreme Court held that "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.) The reviewing court may then dismiss the appeal if there are no arguable issues. (*Id.* at p. 544.)

6

The *Ben C.* procedure applies to appeals of competency proceedings. (*People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1025–1026.)

Here, defendant's appointed appellate counsel followed *Ben C.* and informed defendant he could file a supplemental brief. Defendant sent a letter dated "11-8-22" indicating that he would like to file a supplemental brief. On December 15, 2022, the court received a letter from defendant dated "12-9-22," stating that he was indigent and did not have access to legal reference material. He also informed the court there was no "electric filing system" where he was. On December 29, 2022, a clerk of this court sent defendant a letter informing him he would be allowed to file a supplemental brief in paper and he did not need to use the electronic filing system.

Defendant sent a letter dated "12-17-22," which was filed December 29, 2022. In this letter, defendant asks for a stay in case No. 01-196346-1 (the pending misdemeanor vandalism charge) and case No. 02-334654-1 (the case in which he entered a plea and was placed on probation for two years). Defendant writes that these cases have been "resolved already" since June 29, 2021. He writes that "the record states case No. [0]1[-]96346[-]1 was a probation violation [but] this can't be because [he] was not on probation at this time." Defendant is mistaken. Case No. 01-196346-1 was filed on July 29, 2021, when defendant was on probation in case No. 02-334654-1, and involves a later alleged incident of vandalism. Defendant has offered no basis for a stay.

Defendant writes that he was found competent in Judge Brady's courtroom, and this is true. He was found competent to stand trial on November 15, 2021. Defendant writes that "only after denying my motion for ancillary services was I found incompetent in Dept. 4 in Judge M. O'Malley's courtroom . . . ." But Judge O'Malley did not determine that he was

7

incompetent; she only raised a doubt about his competence pursuant to section 1368, subdivision (a). As for his request for ancillary services, the record does not include any written request from defendant for such services. There is an "Order Denying Motion" dated December 28, 2021, signed by Judge Brady. It provides, "The court directs defendant to contact the Contra Costa County Office of the Public Defender's Office who represents him in the above case. Mr. Davis-Murray is not in pro-per and all requests for ancillary funds must be made by his attorney of record, Ms. Maya Nordberg." There is no error in this order. First, defendant's pro per status was properly revoked on December 15, 2021, after Judge O'Malley declared a doubt about defendant's competence. In *People v. Lightsey* (2012) 54 Cal.4th 668, 691, our Supreme Court held that self-representation in competency proceedings is *not* permitted because, among other things, section 1369 contemplates "a defendant would be represented by counsel throughout the competency proceedings." (*Id*. at p. 692.) Second, after defense counsel was appointed, defendant could not make requests of the trial court on his own. " 'Motions and briefs of parties represented by counsel must be filed by such counsel.' " (*People v. Carter* (2022) 86 Cal.App.5th 739 [303 Cal.Rptr.3d 71, 80].)

Defendant writes of "the recent discovery of new evidence and a civil action being filed," but we do not consider matters outside the record. "[I]t is an elementary rule that ordinarily matters not presented to the trial court and hence not a proper part of the record on appeal will not be considered on appeal." (*People v. Brawley* (1969) 1 Cal.3d 277, 294.) Defendant asks to "join the criminal complaint to the civil complaint or be allowed to wait until the right of review is complete . . . ." But we cannot join the criminal appeal before us with a civil complaint, and, again, defendant has offered no basis for a stay of this appeal.

Defendant writes that appellate counsel's brief is not an accurate account of the record, but he has not raised an arguable issue for appeal.

We have reviewed the record, and the finding defendant was not competent to stand trial was supported by substantial evidence. The commitment ordered by the court is authorized by law and supported by CONREP's recommendation. Defendant was represented by able counsel.

## DISPOSITION

The orders finding defendant incompetent to stand trial and committing him to the Department of State Hospitals are affirmed.

9

_____

Miller, J.

WE CONCUR:


_____

Stewart, P.J.


_____

Markman, J.*


A164865, *People v. Davis-Murray*

---

\* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.